Per Curiam.

An objection is made to the judgment by default in this case, *664 on account of the insufficiency of the service of the process, which is in these words: “Executed on the within named John D. Fatheree, April 1st, and JohnMcRea, April 15th, on Fatheree by delivering a copy of the within writ, to said, Fatheree, and on McRea by leaving a copy of the within at the house of said McRea.” The statute points out the mode of service which must be adhered to, or it will be insufficient. Personal service is dispensed with, if the party cannot be found,.and-service may then be made by leaving a copy with the wife of defendant, or some free white person above'the age of sixteen years, being one' of the family of defendant, and found at his usual place of abode; or if there be no such white person at the house, then by leaving a copy at some public place at the dwelling or fen own place of residence of the defendant. If the defendant be not personally served, then no such service is sufficient, unless it be exactly such service as the law has made good. If by the return it appears that the defendant was not personally served, then of course nothing short of an entire fulfilment of-one of the other modes will be sufficient. Hence, in the case of Smith v. Cohea, 3 How. 35, this court held the return “executed, by leaving .a copy at his boarding house,” insufficient. - If the return be merely, that the process has been executed, it will be sufficient, because the court will suppose that it has been executed according to law. But if a special return-be made, the court will judge of its legality, and if it is not in strict conformity with the statute, it will be deemed insufficient. To' leave -process at the house of defendant is not < such a service as is authorized by law, unless it be left with a member of the family, being .a free white person over sixteen, and this should appear by the return, ' •
Judgment reversed.